

# The Attorney General of Texas

May 19, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

901 Texas, Suite 700
uston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable W. C. Kirkendall
District Attorney
113 South River, Suite 205
Seguin, Texas  78155

Opinion No. JM-492

Re: Whether the commissioners court may contract with the son of the county commissioner and related questions

Dear Mr. Kirkendall:

Your letter requesting an opinion from this office advises that a county commissioner who was formerly the owner of a fence business transferred the business to his sons to own and operate, retaining no interest in it himself directly or indirectly. After the change in ownership, the commissioners court authorized a request for bids on a fence to be built around the county jail. The sons' company submitted the low bid.

The commissioners court, with the father participating, voted to award the contract to the sons' company. The company then performed the work and was paid. You ask whether the commissioners court violated article 5996a, V.T.C.S., the nepotism law, or whether the father violated article 39.01 of the Penal Code, which proscribes official misconduct, by voting to approve the contract with the sons' company.

As a preliminary matter, we emphasize that in opinions rendered under article 4399, V.T.C.S., this office decides questions of law -- not disputed questions of fact. Accordingly, this opinion cannot be taken as a determination that the individual in the case you present has in fact committed a criminal offense; this kind of assessment requires a fact judgment by the courts. The decision of whether the specific facts justify prosecution is a matter for you to decide. This opinion comments only on the general scope of the law with regard to what actions would, depending on proof of the allegations in court, constitute an offense.

The nepotism statute, article 5996a, V.T.C.S., reads in part:

> No officer . . . of any county . . . shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second

degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any . . . board . . . or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever.

We need not address, however, the nepotism statute, since article 988b now speaks expressly to the letting of contracts to relatives by local public officials. It prohibits officials from participating in a vote or decision on a matter involving a business entity in which the official or anyone related to him within the first or second degree of affinity or consanguinity has a substantial interest. See V.T.C.S. art. 988b, §§1(1), 2(a)(c), 3(a)(1). Sons are related to their fathers in the first degree of consanguinity. See Attorney General Opinion O-780 (1939); Letter Advisory No. 115 (1975). The new statute modifies the law regarding the permissible extent of a local official's governmental dealings with his relatives.

A violation of section 3(a) article 988b is a Class A misdemeanor. V.T.C.S. art. 988b, §3(b). Prohibited contracts with relatives of commissioners are not automatically void, and avoiding such a contract does not relieve public officials of criminal and civil liability for such violations. Id. §6. Under certain circumstances and if certain procedural steps are taken, both by the official related to the contractor and by the governing body, contracts with the officials' relatives may be legally executed. See V.T.C.S. art. 988b, §§4, 5. Here, the required circumstances and the necessary procedural steps are not reflected by the question presented to us.

In the situation you describe, therefore, we advise that the commissioners court, as a body, has not violated article 5996a, V.T.C.S., because that statute no longer controls county contracts with independent contractors. Consequently, we need not address whether article 5996a ever extended to an independent contract relationship with the county. See generally Attorney General Opinion JM-45 (1983); cf., Attorney General Opinions H-354 (1974); WW-432 (1958). Whatever might have been the original scope of the nepotism law, article 988b now controls the letting of contracts by local public officials. The unrelated commissioners who voted for the letting of the contract have not violated article 988b. Article 988b applies only to a public official who knowingly participates in a vote or decision on a matter involving a business entity in which "the local public official" himself has a substantial interest. This includes the interest of persons related to him in the prohibited degree. See V.T.C.S. art. 988b, §3(a)(1). In the question you

presented, the other commissioners have no such interest or relationship.

In the question you present, the father would not violate article 39.01 of the Penal Code, the "official misconduct" law, unless he acted with intent to obtain a benefit for himself or to harm another. This intent is a necessary element of the crime. The existence of the elements of a crime in a particular case depend upon factual determinations for which the opinion process is not intended. See V.T.C.S. art. 4399. Similarly, under the fact situation presented to us, the father's actions would constitute a violation of article 988b, V.T.C.S., but only if all allegations were proven along with all other necessary elements of a criminal offense.

S U M M A R Y

Article 988b, V.T.C.S., rather than the nepotism statute, article 5996a, V.T.C.S., controls the letting of contracts to relatives by local public officials. A county commissioner who voted to award a county construction contract to a company owned by his sons would violate article 988b, V.T.C.S. The unrelated county commissioners would not violate article 988b by voting to make the award.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General